**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| J.F.R.O., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:26-cv-1499 |
| ODDO, *et al.*, | ) | Judge Marilyn J. Horan |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

**ORDER**

Presently before the Court is Petitioner Juan Francisco Renderos Ortiz's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 8), Respondents' Response (ECF No. 19), and Petitioner's Reply in Support (ECF No. 20). The petition is now fully briefed; and thus, ripe for disposition. Upon review of the parties' arguments, the Court will **GRANT IN PART** Petitioner's Petition for Writ of Habeas Corpus.

Petitioner is a detainee at Moshannon Valley Processing Center ("MVPC") in Philipsburg, Pennsylvania. *See* ECF 8, p. 2. He entered the United States in 2007. *Id.* at 7. On September 25, 2025, ICE officials arrested Petitioner on his way to work and served him with a Notice to Appear. *Id.* at 8-9. He has been detained since that date. *Id.*

On February 12, 2026, an immigration judge denied all forms of relief and ordered Petitioner removed. *Id.* at 11. Petitioner then timely appealed this decision to the Board of Immigration Appeals, where it appears to still be pending. *Id.*

In his habeas petition, Petitioner argues that Respondents' "continuous denial of adequate medical care renders [his] conditions of confinement unconstitutional" and that MVPC's deliberate

indifference to his medical needs violates the Rehabilitation Act, the Administrative Procedure Act, and internal ICE policies. *Id.* at 22-37, 60-64 (capitalization adjusted). In part, he alleges that his medical conditions are worsening due to the lack of medical care and accessible facilities at MVPC. *Id.* at 11-22. Petitioner also argues that "Respondents violated due process and the Immigration and Nationality Act by erroneously subjecting [Petitioner] to mandatory detention under § 1225(b)" and asserts that he is instead properly detained under § 1226(a) and is owed an individualized custody determination. *Id.* at 37-49, 64-65 (capitalization adjusted). Citing to the four-factor test found in *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020), Petitioner asserts that his detention has become unconstitutionally prolonged as well. *Id.* at 54-61.

As relief, Petitioner requests immediate release or "a constitutionally adequate bond hearing at which the government bears the burden of proof to justify continued detention by clear and convincing evidence." *Id.* at 5, 49-53.

In turn, recognizing the binding precedent established in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), Respondents agree that Petitioner is detained under § 1226(a) and is owed an individualized custody determination. ECF No. 19, p. 2. However, Respondents dispute the applicability of *German Santos* to § 1226(a) detainees, but suggest, if the Court were to consider the *German Santos* factors, that the factors would weigh in favor of Respondents, rather than Petitioner. *Id.* at 3-6. Respondents decline to otherwise address Petitioner's medical care claims. *Id.* at 5.

First, for the reasons stated in the Court's prior decision *Deh v. Warden Moshannon Valley Processing Center, et al.*, No. 3:26-CV-00738-MJH, 2026 WL 1255947 (W.D. Pa. May 7, 2026)

and recently by the Third Circuit in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026*)*, the Court finds that Petitioner is properly detained under § 1226(a), rather than § 1225(b), and is thus owed a bond hearing. *See Buele Morocho*, 2026 WL 2546223, at *5 ("The INA's broader statutory scheme also supports the conclusion that § 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders."). Yet the Court's analysis will not stop there.

Utilizing the *German Santos* framework, this Court and other courts in this District have previously concluded that Third Circuit precedent does not categorically foreclose a burden-shifted bond hearing for § 1226(a) detainees experiencing prolonged detention. *See, e.g.*, *Bah v. Oddo*, No. 3:26-CV-01393, 2026 WL 2561261 (W.D. Pa. Aug. 31, 2026); *Fadel v. Warden of Moshannon Valley ICE Processing Ctr*., No. 3:26-cv-00625, 2026 WL 1649901, at *2–3 (W.D. Pa. June 8, 2026). As such, the Court will evaluate the following four *German Santos* factors to determine which party bears the burden of proof in this initial bond hearing under § 1226: (i) the duration of detention; (ii) whether the detention is likely to continue; (iii) reasons for the delay; and (iv) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." *German Santos*, 965 F.3d at 210–11.

First, when considering whether detention has become unreasonable, "[t]he most important factor is the duration of detention." *See id.* at 211. While there is no bright-line threshold of time that permits a court to presume that detention has crossed the line from reasonable to unreasonable, detention does become "'more and more suspect'" the longer it continues. *See id*. (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011)). In particular, "[c]ourts within this circuit have previously found detention for over one year weighs in favor of the petitioner." *See Nyamekye*

*v. Oddo*, No. CV 22-240J, 2023 WL 9271844, at *3 (W.D. Pa. Mar. 28, 2023), R&R adopted, No. CR 3:22-CV-240, 2023 WL 9271879 (W.D. Pa. May 4, 2023).

Here, Petitioner has been detained for over a year. *See* ECF 8, p. 56-57. This duration is longer than the detention period which triggered a burden-shifted bond hearing for another § 1226(a) petitioner before this Court. *See Bah*, 2026 WL 2561261 (eleven months). Thus, this first factor weighs in favor of Petitioner.

Next, when evaluating the second factor, a habeas court must consider "whether the detention is likely to continue." *German Santos*, 965 F.3d at 211. Here, Petitioner asserts that there "is no end in sight to his detention while he litigates his fear-based claims" on appeal. *See* ECF 8, p. 57. If the BIA affirms the denial, Petitioner also "intends to submit a Petition for Review to the Third Circuit Court of Appeals[.]" *Id.* at 11. As such, this factor weighs in Petitioner's favor. *See German Santos*, 965 F.3d at 212 (concluding that this factor weighed in the petitioner's favor where the petitioner was awaiting BIA decision and potential Third Circuit review).

Third, in assessing the impact of the reasons for delay upon the reasonableness of detention, a petitioner's "appeals and applications for discretionary relief [are not held] against him[.]" *Id.* However, neither are delays or alleged errors held against the government "[a]bsent carelessness or bad faith[;]" for "[n]o system of justice can be error-free, and those errors require time to fix." *Id.* (citing *Diop*, 656 F.3d at 234). Here, the parties do not allege any delays, other than routine court docketing, scheduling, and minor filing continuances. *See* ECF 8, p. 58; ECF 19, p. 4-5; *see also Leslie v. AG of the United States*, 678 F.3d 265, 270–271 (discounting a minor filing continuance relative to a longer detention). Thus, this factor is neutral as to both parties.

Finally, when assessing the reasonableness of a petitioner's detention, "we cannot ignore the conditions of confinement." *German Santos*, 965 F.3d at 212–13 (citing *Chavez-Alvarez*, 783 F.3d at 478). In particular, a district court must examine the factual circumstances particular to the petitioner in order to assess whether "his detention is indistinguishable from criminal punishment[,]" "[d]espite its civil label[.]" *See id.* at 210.

Here, Petitioner contends that his conditions of confinement at MVPC are "consistent with its carceral nature." He alleges that he "sleeps in a cell[,]" is "forced to eat meals in his cell due to the facility's inaccessibility[,]" and "has been denied access to outdoor recreation because he cannot pass through the metal detectors in his wheelchair." *See* ECF 8, p. 60. In particular, he asserts that "the impact of his serious medical needs makes his civil detention increasingly indistinguishable from penal confinement." *Id.* (quoting *J.M. v. Oddo*, No. 3:24-cv-255-KAP, 2025 WL 3706433, at *4 (W.D. Pa. Dec. 22, 2025)). In turn, Respondents contend that "Petitioner's conditions of confinement are no different from hundreds of other detainees." *See* ECF No. 19, p. 5.

Based on these allegations, the Court finds that Petitioner's experience is significantly different from the experiences of other MVPC detainees because he lacks meaningful access to the facilities enjoyed by other detainees and instead spends the majority of his time in his cell. Further, Respondents do not offer any evidence to suggest that these facilities are made available and accessible to Petitioner. *See* ECF No. 19, p. 5; *c.f. Nunez v. Oddo,* 2025 WL 2443437 (W.D.

Pa. Aug. 25, 2025) (referencing Respondents' ability to provide affidavits, declarations, or other evidence regarding conditions of confinement). As such, this factor weighs in favor of Petitioner.[1]

In conclusion, because three factors weigh in Petitioner's favor, while one remains neutral, the Court finds, based upon the specific facts of the detention before it and underneath the standard set within *German Santos*, that Petitioner's detention under § 1226(a) has become unreasonable.[2] Thus, the burden of proof at the initial bond hearing will be placed upon the Government. "To justify [Petitioner's] continued detention," "the Government must put forth clear and convincing evidence" to "support a finding that continued detention is needed to prevent him from fleeing or harming the community[;]" "[i]f it cannot, it must release him." *German Santos*, 965 F.3d at 213-14 (citing *Chavez-Alvarez*, 783 F.3d at 477-78).

Therefore, for the reasons set forth herein, the Court will **GRANT** Petitioner's Habeas Petition (ECF No. 8), in so much as it requests that this Court direct that he be afforded a constitutionally adequate bond hearing before an Immigration Judge with the Government bearing the burden of proof and will **DENY** the Petition in all other respects.

[1] As for Petitioner's remaining conditions of confinement claims, these claims are not cognizable in a habeas petition. *See Silva v. Soto*, No. CV 25-16577, 2025 WL 3485658, at 6 (D.N.J. Dec. 4, 2025) ("Consistent with *Cardona v. Bledsoe*, 681 F.3d 533, 535-536 (3d Cir. 2012), claims seeking relief from general conditions of confinement, as opposed to the fact or duration of custody, are not cognizable under § 2241."); *Javokhir v. AG of the U.S.*, No. 26-1314, 2026 WL 2434667, at 1 (W.D. Pa. Aug. 19, 2026) ("A habeas petition can be used only to challenge the legality or the duration of detention; the proper means for seeking relief for a claim challenging the conditions of confinement is a civil rights action under § 1983, after any available administrative remedies have been exhausted."); *Kayian v. Thompson*, No. CV 23-21623 (KMW), 2024 WL 64777, at *1 (D.N.J. Jan. 5, 2024) ("Claims asserting inadequate medical care are thus generally not cognizable in a habeas proceeding…and courts must decline to exercise habeas jurisdiction over cases asserting such claims.").

[2] Like other District courts in this Circuit, the Court finds that Petitioner may only appropriately be afforded a constitutionally adequate bond hearing before an Immigration Judge, rather than being granted immediate release. *See, e.g.*, *Davis v. Warden Pike Cty. Corr. Facility*, No. 4:22-cv-20, 2022 WL 4391686, at * 4 (M.D. Pa. Aug. 18, 2022) ("The only remedy for an alien challenging [his] mandatory detention is a bond hearing."); *German Santos*, 965 F.3d at 210, 214 ("[W]hen detention becomes unreasonable, the Due Process Clause demands *a bond hearing*.") (quoting *Diop*, 656 F.3d at 233); *A.L.*, 761 F. Supp. 3d at 826–27.

Accordingly, this 16th day of October 2026, it is hereby **ORDERED** as follows:

1. Petitioner's Habeas Petition is **GRANTED IN PART** in so much as it requests that this Court order that he be afforded a constitutionally adequate bond hearing before an Immigration Judge.
2. Respondents shall provide Petitioner a constitutionally adequate bond hearing before a neutral Immigration Judge within thirty (30) days of the entry of this Order. This timeline may be extended by Petitioner upon a motion to the Immigration Judge.
3. At this bond hearing, the Government must put forth clear and convincing evidence to support a finding that continued detention is needed to prevent Petitioner from fleeing or harming the community.
4. Petitioner's Habeas Petition (ECF No. 8) is **DENIED** in all other respects.
5. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

DATED: October 16, 2026

Marilyn J. Horan
United States District Court Judge